# CIRCUIT COURT OF THE CITY OF NORFOLK

Old Dominion Trust Co. et al.

v.

Diane T. Geiger,
Leslie T. Summs,
and Barbara T. Adams

October 19, 2001

Case No. (Chancery) CH00-1986

BY JUDGE MARC JACOBSON

Old Dominion Trust Company (Old Dominion), executor of the Estates of C. E. Thurston, Jr., and Ann Thurston (Thurstons) and trustee of the Thurstons' trusts, filed a Bill of Complaint for Aid and Direction. In the Bill, Old Dominion requested this Court's aid and direction as to how it should properly proceed in administering the estates and trusts after beneficiaries Diane T. Geiger and Barbara T. Adams expressed concern about undocumented disbursements, the proceeds of a condominium sale, and personal property which was located at the condominium, and their attorney requested that Old Dominion marshal assets. Old Dominion seeks to aggregate those items and enter the totals as receivables from beneficiary Leslie Summs, subject to reductions if Summs accounts for all or some of those items. The receivables would then be distributed to the trusts and then to Summs as part of her share from each of the trusts.

Counsel for Summs subsequently filed a Special Plea as to In Personam Jurisdiction. Counsel for Geiger and Adams filed a Brief in Opposition, and the matter was scheduled for a hearing on September 7, 2001. In his Notice of Hearing, Counsel for Summs stated that at the hearing, he would move this Court "[t]o consider whether or not plaintiff's [Old Dominion's] counsel has a conflict in that plaintiff's law firm prepared an amendment to the trust on February 13, 1993. Thereafter, it is alleged in the pleadings that Pete Thurston

was not competent before he died. This occurred only two months after the trust was signed by Mr. Thurston." Def.'s Notice. At a hearing on September 7, 2001, this Court denied the Special Plea, and an Order reflecting such was entered on September 28, 2001. The Court took the attorney disqualification issue, which is the subject of this memorandum, under advisement.

Counsel for Summs is requesting disqualification of the law firm of Kaufman & Canoles, apparently because he believes that R. Braxton Hill, III, an attorney with that firm, is or may be a necessary witness. Transcript of Proceedings before the Honorable Marc Jacobson, Sept. 7, 2001, p. 4, ll. 3-5; p. 8, ll. 6-25. Counsel for Summs apparently assumes that Hill can testify regarding Thurston's competency during the last months of his life, while he resided with Summs in South Africa. *Id.*, p. 8, ll. 20-25; p. 9, ll. 1-2; p. 11, ll. 9-13. Counsel suggests that there was correspondence involving both Hill and Thurston regarding monies the latter spent in South Africa. *Id.*, p. 9, ll. 3-8. Counsel further alleges or suggests some sort of conflict because some of this alleged correspondence is listed on Kaufman & Canoles' privilege log and the firm will not produce them because they claim they are confidential and privileged between attorney and client. *Id.*, p. 4, ll. 23-25; p. 5, ll. 1-14.

Virginia Professional Responsibility Rule 3.7(c) states that "*[a] lawyer may act as advocate in an adversarial proceeding in which another lawyer in the lawyer's firm is likely to be called as witness unless precluded from doing so by Rule 1.7 or 1.9.*" (Emphasis added.) According to this Rule, Kaufman & Canoles may continue to represent Old Dominion even if Hill is called as a witness. The firm would only face mandatory disqualification if its continued representation violated Virginia Professional Responsibility Rules 1.7 or 1.9.

Rule 1.7 provides that a lawyer shall not represent a client if the representation of that client will be directly adverse to another existing client, materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests. Neither circumstance applies to Kaufman & Canoles at this time. Likewise, Rule 1.9, which relates to conflicts of interest concerning former clients, is not applicable. Even if it was, the representation could continue upon the consent of both the present and former client. Rule 1.9(b)(2).

At this time and stage of the proceedings, counsel has shown no conflict of interest for which a present and/or former client of Kaufman & Canoles would be adversely affected by its continued representation of Old Dominion.

At this time, the law firm of Kaufman & Canoles may continue its representation of Old Dominion even if Hill is required to testify. The Motion

of counsel to disqualify the law firm of Kaufman & Canoles at this time is denied.